UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TATIANA FRIDERICI,<br><br>    Plaintiff,<br><br>vs.<br><br>JANET NAPOLITANO, Secretary of the Department of Homeland Security; ROSEMARY MELVILLE, District Director of U.S. Citizenship and Immigration Services; ROBERT BARRETT, Field Office Director; ERIC H. HOLDER, JR., United States Attorney General,<br><br>    Defendants. | Case No: C 09-4170 SBA<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Docket 9 |

      Plaintiff Tatiana Friderici previously obtained approval of a Form I-130 Petition for Alien Relative ("I-130") on behalf of her husband, Jaswinder Singh Saini ("Saini"). The Department of Homeland Security, United States Citizenship and Immigration Service ("USCIS"), subsequently revoked its approval of the I-130 on the ground that Saini's marriage to Plaintiff was invalid because he had not divorced his wife in India.

      Plaintiff brings the instant action seeking judicial review of the USCIS's decision, pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 702. The parties are presently before the Court on Defendants' motion for summary judgment. Having read and considered the papers submitted, and being fully informed, the Court DENIES the motion. The Court adjudicates the instant motion without oral argument. Fed.R.Civ.P. 78(b).

## I. BACKGROUND

Saini entered the United States in or about February 6, 1996. AR 17. At some point, Saini became the subject of a removal hearing, and on August 12, 1998, was determined to be a "deportable alien who has engaged in terrorist activity." Compl. ¶ 12.[1] On January 24, 2004, while his adjustment proceedings were pending, Saini married the Plaintiff. AR 23. On March 24, 2004, Plaintiff filed an I-130 Petition on behalf of Saini. AR 17. The Petition alleged that Saini had divorced his wife Gurdeep Kaur in India on December 23, 2003, and included a copy of the divorce decree, which is signed by a "District & Session Judge, Moga." AR 27-29. The copy of the decree is "certified" by a "Superintendent." AR 30. The USCIS approved the I-130 on August 11, 2006. AR 2.

Despite its approval of the I-130, the USCIS investigated whether Saini was, in fact, divorced from Mrs. Kaur. On September 26, 2008, the USCIS office in New Delhi received a letter from Virendar Kumar, a District and Sessions Judge for Faridkot District in the state of Punjab, India. AR 34-35. In this letter, Judge Kumar states that "this office has been asked regarding the genuineness of the alleged judgment [i.e., the divorce decree]." AR 34. The letter states that "neither there is nor there has ever been a post of the District and Sessions Judge" or "Superintendent" in Moga. Id. In addition, Judge Kumar indicates that he received a report from "Mrs. Amarjot Bhatti, Additional District Judge, Moga, [that] no such decree of divorce has ever been passed at Moga against aforesaid number." Id. The "aforesaid number" is referenced as "23.12.*2002*." Id. (emphasis added). The letter makes no mention of Judge Kumar or Judge Bhatti's role in the Indian court system to demonstrate the basis of their respective statements. Nor are any facts disclosed regarding the nature, method or scope of their investigation.

---

[1] According to the Complaint, the "terrorist activity" involved Saini's providing diesel fuel to militants so that they would leave his property. Compl. ¶ 2. Saini was concerned that if the militants or others died while on his property, both he and his family would be implicated. Id. Saini appealed this ruling to the Ninth Circuit, but later dismissed his appeal on January 24, 2005 after the Board of Immigration Appeals reopened and remanded to the Immigration Judge for further proceedings in connection with his adjustment of status application. Id.

On January 9, 2009, the USCIS issued a Notice of Intent to Revoke ("Notice") on the basis that Plaintiff's marriage to Saini was invalid based on Judge Kumar's finding that the divorce decree from India was fraudulent. AR 4-5. The Notice states, in relevant part:

> An overseas investigation has found the divorce decree to be fake and fictitious. There is no post of District and Sessions Judge in Moga. Moreover, the Additional District Judge in Moga has confirmed that no such divorce decree has ever been passed at Moga. Furthermore, no such post of Superintendent exists or has ever existed at Moga.

AR 4. Plaintiff did not respond to the Notice within the thirty day time-period and the I-130 was revoked on March 20, 2009. AR 1-2. Plaintiff commenced the instant action in this Court on September 8, 2009, to seek judicial review of the USCIS's decision to revoke its prior approval of the I-130. Defendants now move for summary judgment, pursuant to Federal Rule of Civil Procedure 56.

## II.  LEGAL STANDARD

Rule 56(c) authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Under the APA, an agency action may be held unlawful and set aside if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The agency's factual findings are reviewed for substantial evidence. Herrera v. U.S. Citizenship and Immigration Servs., 571 F.3d 881, 885 (9th Cir. 2009). "Review under the arbitrary and capricious standard is narrow and [the court does] not substitute [its] judgment for

that of the agency." Tucson Herpetological Soc'y v. Salazar, 566 F.3d 870, 875 (9th Cir. 2009). The agency's action is presumed valid and should be affirmed "if a reasonable basis exists for its decision." Kern County Farm Bureau v. Allen, 450 F.3d 1072, 1076 (9th Cir. 2006) (internal quotation omitted). Nonetheless, the Court's "review still must be searching and careful, subjecting the agency's decision to close judicial scrutiny." Containerfreight Corp. v. United States, 752 F.2d 419, 422 (9th Cir. 1985) (citations and internal quotations omitted). "[T]he court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706(2)(A).

## III. DISCUSSION

The Immigration and Nationality Act provides that "any citizen of the United States claiming that an alien is entitled to ... an immediate relative status under section 1151(b)(2)(A)(I) of this title may file a petition with the Attorney General for such classification." 8 U.S.C. § 1154(a)(1)(A)(i). The statute requires the Attorney General to grant an I-130 petition if, "[a]fter an investigation of the facts in each case ... he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 1151(b) of this title[.]" 8 U.S.C. § 1154(b). Once a petition has been approved, however, such approval may be revoked. "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date of approval of any such petition." 8 U.S.C. § 1155. A revocation decision made under 8 U.S.C. § 1155 is subject to judicial review under the APA. Herrera, 571 F.3d at 885.

Here, the USCIS based its decision to revoke Plaintiff's I-130 approval based entirely on an unauthenticated letter from Judge Kumar, who opined that Saini's divorce certificate is "fake and fictitious." Defs.' Mot. for Summ. J. at 10; AR 34-35. In general, documents presented in immigration proceedings must be authenticated. See Espinoza v. INS, 45 F.3d 308, 309-310 (9th Cir. 1995) (noting that immigration forms must be authenticated through some recognized procedure); Iran v. INS, 656 F.2d 469, 472 (9th Cir. 1981) (recognizing that

due process requires authentication of documents presented at a deportation hearing).  Such documents may be authenticated "through any recognized procedure, such as those required by INS regulations or by the Federal Rules of Civil Procedure."  <u>Vatyan v. Mukasey</u>, 508 F.3d 1179, 1182 (9th Cir. 2007).

Regulations applicable to immigration proceedings provide that authentication may be accomplished in accordance with the procedures set forth in 8 U.S.C. § 287.6.  <u>Id.</u>  Where a document originates from a country that is not a signatory to the Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents, subsection (b) of section 287.6 is germane.[2]  Those provisions state that, "In any [immigration] proceeding …, an official record or entry therein, when admissible for any purpose, shall be evidenced by an official publication thereof, or by a copy attested by an officer so authorized…. [¶]  The attested copy, with the additional foreign certificates if any, *must be certified* by an officer in the Foreign Service of the United States, stationed in the foreign country where the record is kept."  8 C.F.R. § 287.6(b)(1)-(2) (emphasis added).

Here, Defendants do not dispute that the letter from Judge Kumar is not certified, as required by section 287.6(b).  Rather, Defendants argue, without citation to any authority, that this regulation is "only applicable to 'official records' and not non-public overseas investigation reports such as the [letter] in question in this case."  Defs.' Reply at 2.  Not only is this contention unsupported, it is unpersuasive.  The letter states that it is being proffered *in response to a written inquiry* (identified as "CIS-NDI-08-08/4") by the USCIS regarding the validity of a decree of divorce allegedly entered by an Indian court.   AR 34.  Given that the letter is purported to from an official representative on behalf of the Indian court system in response to a formal request from a United States government agency, it would appear to be an

---

[2] Neither party addresses whether India is a signatory to the Hague Convention Abolishing the Requirement of Legalisation for Foreign Public Documents; instead, they simply assume that it is not.  The Court notes that the United States Department of State website indicates that "[a]lthough India is a signatory to the Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents, full implementation of the Convention is still pending."  See http://travel.state.gov/law/info/judicial/judicial_2811.html (last accessed April 28, 2010).  Therefore, for purposes of this motion, the Court applies subsection (b) of section 287.6.

"official record" within the meaning of 8 C.F.R. § 287.6(b).  See Jiang v. Gonzales, 474 F.3d 25, 29 (1st Cir. 2007) ("The term 'official record' [as used in 8 C.F.R. § 287.6] would most naturally appear to mean a government record" and "records kept in the ordinary course of business, over and beyond governmental records").   In any event, even if the letter were *not* an "official record," that simply would mean that the letter should have been authenticated through some method other than section 287.6.

Equally misplaced is Defendants' ancillary assertion that section 287.6(b) is "not the exclusive means of certifying documents that become part of the administrative record…." Defs.' Reply at 2.  Generally speaking, that is a correct statement of the law.  See Uppal v. Holder, 576 F.3d 1014, 1022 (9th Cir. 2009) ("We have held that § 287.6 'provides one, but not the exclusive, method for establishing a sufficient basis for admission of a [document] in a [removal] proceeding.'") (citation omitted).  Of course, that begs the question of precisely what means *other than* 8 C.F.R. § 287.6 the USCIS relied upon, if any, to authenticate Judge Kumar's letter.  Tellingly, the USCIS never responds to that question.  In addition, the Court's independent review of the records discloses no basis to establish that the letter was authenticated in any manner.  An agency decision based on unauthenticated evidence may be considered arbitrary and capricious.  See Darrell Andrews Trucking, Inc. v. Fed. Motor Carrier Safety Admin., 296 F.3d 1120, 1134-35 (D.C. Cir. 2002) (finding that agency's reliance on unreliable evidence "might well be" arbitrary and capricious behavior); see also Sviridov v. Ashcroft, 358 F.3d 722, 728 (10th Cir. 2004) (finding that documents not authenticated under section 287.6 were unreliable).

The fact that Judge Kumar's letter is unauthenticated underscores the questionable reliability of such evidence.  As noted, the basis for Judge Kumar's conclusion that Saini's divorce decree is "fake and fictitious" is that the decree was signed by a "District and Sessions Judge, Moga," which he claims is a non-existent post.  AR 2, 34.  Absent from the letter, however, is any factual information demonstrating Judge Kumar's qualifications or competence to render make such a finding.  Rather, Judge Kumar simply is identified as a "District and Sessions Judge" in Faridkot.  AR 34.  In addition, no information is provided to

establish what method he used to verify the non-existence of a District and Sessions Judge in Moga.  See Balachova v. Mukasey, 547 F.3d 374, 383 (2d Cir. 2008) (conclusory consular report that petitioner's Russian birth certificate "did not conform to Russian records" deemed unreliable where the report failed to disclose, inter alia, "the methods, if any, used to verify the information supplied by the foreign official.").

Judge Kumar also stated that based on a report he received from "Mrs. Amarjot Bhatti, Additional District Judge, Moga," no divorce decree has ever been entered in a Moga court under number "23.12.*2002*."  AR 34.  However, that is not the same identification number as Saini's divorce decree, which is "23.12.*2003*."  AT 29.  Setting aside the lack of information regarding the actions undertaken by Judge Bhatti to investigate the existence of Saini's divorce decree, the fact that she apparently relied on the wrong identification number could explain her inability to locate the decree.  Defendants attempt to dismiss this disparity as nothing more than a typographical error, and point out that Judge Kumar referenced the correct date of the divorce decree in the reference line of his letter.  AR 34.  However, the fact that *Judge Kumar* referenced the correct date of the divorce decree does not establish that *Judge Bhatti* utilized the correct information in the course of conducting her records search.[3]

Finally, Defendants contend that there is no requirement that the USCIS support its decision to revoke an I-130 visa petition approval with "authenticated documentary evidence."  Defs.' Mot. for Summ. J. at 11.  Again, Defendants fail to support this assertion with any relevant legal authority.  Nonetheless, Defendants' assertion is unavailing.  In this case, there is no dispute that Plaintiff had presented evidence to show that her husband had divorced his wife in India prior to marrying the Plaintiff.  AR 2.  The only evidence cited by the USCIS to invalidate that claim is the letter report from Judge Kumar.  Thus, having expressly relied on documentary evidence to support its decision to revoke the approval of Plaintiff's I-130 petition, it was incumbent upon the USCIS to obtain proper authentication consistent with the

---

[3] It may well be that the reference to "23.12.2002" is a typographical error, and that Judge Bhatti conducted an appropriate inquiry.  However, the record as presented is devoid of any evidence to support that conclusion.  Defendants' counsel's opinion is not evidence.

1 provisions of 8 C.F.R. § 287.6 or through some other recognizable means.  See Uppal, 576
2 F.3d at 1022.  Having failed to posit any evidence that such letter was authenticated in any
3 manner, the Court cannot conclude, based on the arguments and evidence presented, that
4 Defendants are entitled to summary judgment in this action.

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' motion for summary judgment is DENIED.  This Order terminates Docket 9.

IT IS SO ORDERED.

Dated: May 3, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge